**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 12 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARIE FORTIER, on behalf of herself and all others similarly situated,<br><br>　　　　　Appellant,<br><br>　v.<br><br>ANTHEM, INC., and ANTHEM UM SERVICES, INC.,<br><br>　　　　　Appellees. | No.　20-56361<br><br>D.C. No.<br>2:20-cv-04952-MCS-MAA<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Mark C. Scarsi, District Judge, Presiding

Submitted October 22, 2021[**]
Pasadena, California

Before: CALLAHAN and FORREST, Circuit Judges, and AMON,[***] District Judge.
Concurrence by Judge FORREST.

---

　　[*]　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

　　[**]　The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

　　[***]　The Honorable Carol Bagley Amon, United States District Judge for the Eastern District of New York, sitting by designation.

Marie Fortier, on behalf of herself and all others similarly situated, appeals the district court's dismissal of her complaint. She claims that Anthem, Inc. and Anthem UM Services, Inc. (collectively "Anthem") wrongfully refused coverage for a peripheral nerve stimulation ("PNS") treatment for chronic pain in violation of 29 U.S.C. §§ 1132(a)(1)(B) and (a)(3). We have jurisdiction under 28 U.S.C. § 1291. Reviewing the "district court's dismissal of a complaint de novo," *Wilson v. Craver*, 994 F.3d 1085, 1089 (9th Cir. 2021), we affirm.

**1.** Fortier challenges Anthem's determination that her treatment was "investigative" and "not medically necessary" under the plan's terms. Her main contention is that the medical policy that stated that PNS was investigative and not medically necessary was not part of the plan and could not supplant the definitions of those terms contained in the plan. "Under California law, for one document to incorporate another document by reference, '[t]he reference to the incorporated document must be clear and unequivocal and the terms of the incorporated document must be known or easily available to the contracting parties.'" *Cariaga v. Local No. 1184 Laborers Int'l Union of N. Am.*, 154 F.3d 1072, 1074 (9th Cir. 1998) (alteration in original) (quoting *Slaught v. Bencomo Roofing Co.*, 30 Cal. Rptr. 2d 618, 621 (Ct. App. 1994) (internal citations omitted)).

The district court correctly determined that the plan incorporated the medical policy. The plan states that Anthem "uses clinical coverage guidelines, such as

medical policy, clinical guidelines, and other applicable policies . . . to help make medical necessity decisions" and counts "medical policy" as a "source[]" alongside "clinical guidelines."  The plan also informs members that, upon an adverse benefit determination, the claims administrator would give "a copy" of any "internal rule, guideline, protocol, or other similar criterion relied upon in making the claim determination" to the member.  Moreover, the plan explicitly gives participants the ability to learn more about the medical policy: "If you have any questions about the utilization review process, the medical policies or clinical guidelines, you may call the Member Services phone number on the back of your Identification Card."  These statements all would inform a reader that the medical policies were substantive documents and would "guide the reader to the incorporated document." *Cariaga*, 154 F.3d at 1074.

The medical policy clearly states that PNS is investigative and not medically necessary.  Since the medical policy is part of the plan, that determination is conclusive.  Moreover, the medical policy does not conflict with the plan's definitions.  It presents an application of the plan's definitions, even if it is an application of which Fortier disapproves.  Accordingly, PNS is not covered by the plan and Fortier's denial of benefits claim under § 1132(a)(1)(B) fails.

**2.**  The district court properly held that Fortier's claim for equitable relief under § 1132(a)(3) was only "superficially distinct" from her claim for a denial of

benefits.  Because the denial of benefits claim fails, so too does the claim for equitable relief.  Fortier argues that the equitable claim relies on a distinct theory of liability, that Anthem "breached its fiduciary duty by implementing internal policy guidelines inconsistent with her plan."  *Kazda v. Aetna Life Ins. Co.*, No. 19-cv-2512, 2019 WL 6716306, at *1 (N.D. Cal. Dec. 10, 2019).  But, as explained above, the plan and the medical policy are not inconsistent.  Therefore, Fortier's purportedly distinct legal theory, which requires an inconsistency, fails to state a claim.

**AFFIRMED**.

*Fortier v. Anthem, Inc.*, **Case No. 20-56361**
**Forrest, Circuit Judge, concurring:**

FILED

NOV 12 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

    I concur in the judgment.

1